UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LINDA SMITH,

    Plaintiff,

v.

                                                  Case No. 05-70736

THERAMATRIX, INC., and ROBERT E. WHITTON,          Honorable Nancy G. Edmunds

    Defendants.
_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT [26] AND REMANDING CASE TO STATE COURT**

Plaintiff filed this lawsuit in Oakland County Circuit Court on January 27, 2005, alleging nine causes of action against her former employer, TheraMatrix, and her former supervisor, Robert E. Whitton: (1) Assault and Battery, (2) Negligent Hiring, (3) Violation of Michigan Public Policy, (4) Retaliation for Filing Worker's Compensation Act, (5) Violation of Michigan Civil Rights Act, (6) Retaliation Pursuant to Michigan Civil Rights Act, (7) Violation of Michigan Persons with Disabilities Civil Rights Act, (8) Violation of Family Medical Leave Act, and (9) Intent to Inflict Emotional Distress. Because Plaintiff's Family and Medical Leave Act ("FMLA") claim arises under federal law, 29 U.S.C. § 2601 *et seq.*, Defendants removed the case to this Court on February 25, 2005, pursuant to 28 U.S.C. § 1441(b). Discovery is now complete, and Defendants have filed a Motion to Dismiss or for Summary Judgment.

The only issue over which this Court has original jurisdiction is Plaintiff's claim under the FMLA. Plaintiff's allegation is simply that "[o]n April 1, 2004, Plaintiff notified her employer of her need to take time off for treatment, and her request was denied." (Compl. at 10.) Defendants argue that TheraMatrix did not violate the FMLA because (1) Plaintiff never requested FMLA leave, (2) Plaintiff received the benefits to which she would have been entitled under the FMLA, and (3) Plaintiff was unable to return to work at the end of her twelve-week leave period.

Plaintiff's last day of work at TheraMatrix was Tuesday, March 30, 2004. She worked only a half-day, so that she could take her daughter to a dentist appointment. (Pl. Dep. at 166; Br. of Def. Ex. D.) Plaintiff then called in sick for the remainder of the week. On April 2, Plaintiff delivered a doctor's note to TheraMatrix conveying that she "just needed to take some time off, get some rest, [and] take her medication . . . ." (Pl. Dep. at 169.) On April 6, she wrote a letter to TheraMatrix's human resources department stating, "In response to and replying to our telephone conversation on April 6, 2004[,] and []pursuant to my doctor's orders, [I] am taking an emergency sick leave, beginning April 1, 2004. I am planning to return to work upon release from my physician." (Br. of Def. Ex. E.)

Plaintiff states in her brief that she "had purchased, through payroll deductions, a short term disability plan which would have given her wage continuation and provided for her during the interim of her time off, any worker's compensation benefits she received, or any gaps." (Br. of Pl. at vii.) She contends that when TheraMatrix asked her to fill out FMLA documents, she "vehemently objected . . . [and] advised that . . . FMLA was not applicable." (*Id.* at 12.) The only reason FMLA was an issue, she argues, is because an employee of TheraMatrix "was attempting to force [her] to sign and take FMLA." (*Id.* at vii.)

2

Plaintiff's deposition also demonstrates her desire not to take FMLA leave: "I wasn't taking FMLA. I was taking short-term disability." (Pl. Dep. at 175.) Thus, the record before the court, as well as Plaintiff's own arguments, make clear that Plaintiff never wanted to be placed on FMLA leave.

On April 8, 2004, TheraMatrix's human resources department provided Plaintiff with the paperwork she needed to be placed on FMLA leave. Plaintiff signed the paperwork, but when a TheraMatrix employee declined to make her a copy, Plaintiff became upset and left the building with the documents still in her possession. (Pl. Dep. at 179-80.) She never provided them to TheraMatrix.

On July 14, 2004--fifteen weeks after Plaintiff left her job--TheraMatrix sent Plaintiff a letter stating that it considered her to have voluntarily quit her position on March 30, 2004. (Br. of Def. Ex. G.)

FMLA allows employees up to twelve weeks of medical leave per year if they suffer "a serious health condition that makes the employee unable to perform the functions of [his or her] position." 29 U.S.C. § 2612(a)(1)(D). An employee owes a duty to his or her employer to provide notice of the need for FMLA leave, however. *See* 29 U.S.C. § 2612(e)(2)(B). "[T]he critical test for substantively-sufficient notice is whether the information that the employee conveyed to the employer was reasonably adequate to apprise the employer of the employee's request to take leave for a serious health condition that rendered him unable to perform his job." *Brenneman v. MedCentral Health System*, 366 F.3d 412, 421 (6th Cir. 2004).

Under the facts of this case, Plaintiff did not give adequate notice of her alleged serious health condition to TheraMatrix. Not only did she fail to give TheraMatrix the

required FMLA documentation, she expressed that she did *not* wish to take FMLA leave. Moreover, even if Plaintiff had provided sufficient notice to trigger TheraMatrix's duties under the FMLA, TheraMatrix did not notify Plaintiff that her employment had ended until fifteen weeks after she had left her job. Plaintiff had exceeded the twelve weeks of protected leave under the FMLA, freeing TheraMatrix from any obligation to permit her to return to work. *See Cehrs v. Northeast Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 785 (6th Cir. 1998).[1]

Plaintiff points to no evidence to rebut Defendants' argument as to the FMLA, or even argue the issue. Indeed, at oral argument, Plaintiff agreed that her claim under the FMLA is without merit.

Being fully advised in the premises, having read the pleadings, and for the reasons set forth above, the Court hereby orders as follows:

Because Plaintiff's claim under the FMLA has no merit and because Plaintiff has concurred in the dismissal of this claim, the Court hereby GRANTS Defendants' Motion as to Plaintiff's claim under the FMLA and DISMISSES Count VII of the Complaint.

The only issues that Plaintiff argues are her assault and battery claim against Defendant Whitton and her workers compensation retaliatory discharge claim. Plaintiff concurred at oral argument that no genuine issues of material fact remain as to her other claims. Therefore, the Court further GRANTS Defendants' Motion as to Plaintiffs claims

---

[1] It is irrelevant that TheraMatrix back-dated Plaintiff's quit date to March 30, 2004. In *Cehrs*, the Sixth Circuit was confronted with a similar issue, and stated that because the plaintiff was unable to return to work within the twelve-week FMLA time limit, "it would be elevating form over substance to say that the effective termination date chosen by [the defendant] is meaningful to the Court's analysis under the FMLA." 155 F.3d at 785.

of negligent hiring, violation of Michigan public policy, violation of Michigan Civil Rights Act, retaliation pursuant to Michigan Civil Rights Act, Violation of Michigan Persons with Disabilities Civil Rights Act, and intent to inflict emotional distress, and DISMISSES Counts II, III, V, VI, VII, and IX of the Complaint.

Because the Court has dismissed the only issue over which this Court has original jurisdiction, the Court REMANDS this case to the Oakland County Circuit Court for resolution of the only two disputed claims in this case: Plaintiff's Count I claim of Assault and Battery and Plaintiff's Count IV claim of Retaliation for Filing Worker's Compensation Claim.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: May 15, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 15, 2006, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager